UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| MATTHEW YORZINSKI, | **AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL** |
| Plaintiff, | |
| -v- | Index No. 14-CV-1302 (GHW) |
| THE CITY OF NEW YORK, New York City Police Department ("NYPD") Police Officer ("P.O.") SOCRATES SOTO (Shield No. 026714) and Sergeant ("Sgt.") GEORGE GRIFFO, | |
| Defendants. | |

------------------------------------------------------------------x

Plaintiff, MATTHEW YORZINSKI, through his attorney MARK C. TAYLOR of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. On September 1, 2012, at approximately 2:45 p.m., MATTHEW YORZINSKI ("Mr. YORZINSKI"), was escorted out of Yankee Stadium at 1 E 161st Street in Bronx County by a park attendant and was unlawfully arrested for speaking with a gathering of the New York City Police Department ("NYPD") to request their assistance to return to his ticketed seat inside the Stadium.

3. Mr. YORZINSKI's rights were violated when officers of the NYPD officers unconstitutionally and without any legal basis arrested him. The defendant-officers then

1

denied plaintiff access to a telephone, access which is required by New York Criminal Procedure Law ("NYCPL") § 140.20(7), thereby causing damages and violating plaintiff's substantive and procedural due process rights under the federal and state constitutions. By reason of defendants' actions, including their unreasonable and unlawful seizure of plaintiff's person, Mr. YORZINSKI was deprived of his constitutional rights.

4. Mr. YORZINSKI also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§1331, 1343(a) (3-4). This action is brought pursuant to 42 U.S.C. §§1983 and 1988 for violations of the First, Fourth, and Fourteenth Amendments to the Constitution of the United States. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that Mr. YORZINSKI's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

## PARTIES

7. Plaintiff Mr. YORZINSKI was at all times relevant to this action a resident of the County of New Haven in the State of Connecticut.

8. Defendant THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. New York City Police Department New York City Police Department ("NYPD") Officer ("P.O.") SOCRATES SOTO (Shield No. 026714) ("P.O. SOTO") and Sgt. GEORGE GRIFFO are and were at all times relevant herein, officers, employees and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities under federal law.

11. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

## STATEMENT OF FACTS

12. Mr. YORZINSKI was unlawfully detained by the individual defendants when they arrested him at 1 East 161st Street outside Yankee Stadium in Bronx County of the State of New York on the afternoon of September 1, 2012, at approximately 2:45 p.m.

13. Mr. YORZINSKI had been attending the Yankees baseball game in the stadium that day and was seated with his girlfriend in seats 13 and 14 of section 333W of the third tier of the stadium.

14. At approximately 2:30 p.m., Mr. YORZINSKI and his girlfriend were returning to their seats after visiting the restrooms and they saw another unidentified man and woman sitting in their ticketed seats.

15. Mr. YORZINSKI then approached a stadium attendant in the section and told the attendant that other guests were sitting in Mr. YORZINSKI and his girlfriend's ticket seats. He asked the attendant to help the other guests find alternate seats so he and his girlfriend could return to their seats.

16. The attendant then asked to see Mr. YORZINSKI's ticket and Mr. YORZINSKI's girlfriend provided the attendant with their tickets.

17. The attendant examined the tickets and instructed Mr. YORZINSKI to follow him.

18. Mr. YORZINSKI asked the attendant what was going on but the attendant did not provide an explanation.

19. The attendant led Mr. YORZINSKI outside the stadium through the Gate 4 entrance and left Mr. YORZINSKI outside the stadium on the street without his ticket.

20. Mr. YORZINSKI asked an attendant at the Gate 4 entrance for help returning to his seat in the stadium and the attendant refused to help.

21. Mr. YORZINSKI began walking around the stadium and approached a group of NYPD officers.

22. Mr. YORZINSKI began to speak to one of the officers and told defendant the officer that he had been escorted out of the stadium after two other unidentified people took his seats, and asked the officer to help him return to his seats.

23. The officer said he would not help Mr. YORZINSKI and Mr. YORZINSKI told the officer he would like to go to the nearest police station to make a report against Yankee Stadium for refusing to help him and his girlfriend to return to their seats.

24. Defendant P.O. SOTO then took Mr. YORZINSKI by the arm and pulled him to a marked police vehicle. Defendant P.O. SOTO instructed Mr. YORZINSKI to place his hands against the vehicle, then told Mr. YORZINSKI to put his hands behind his back and rear-cuffed him.

25. Defendant P.O. SOTO then placed Mr. YORZINSKI into the police car and transported him to the 44th Precinct at 2 East 169th Street in the County of the Bronx.

26. While in custody at the 44th Precinct, Mr. YORZINSKI requested and was unlawfully denied a phone call by the defendant officers.

27. Mr. YORZINSKI was arraigned on the morning of September 2, 2012 on the false charges of Criminal Trespass 3rd (P.L. § 140.10(a)) and Disorderly Conduct (P.L. § 240.20(6)).

28. Mr. YORZINSKI spent less than 24 hours in the defendants' custody as a result of his arrest.

29. On January 30, 2013 Mr. YORZINSKI's case was adjourned in contemplation of dismissal.

30. As a result of the individual defendants' false arrest and false detention against him, Mr. YORZINSKI experienced emotional, mental and psychological pain and suffering.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
**(Against P.O. SOTO and P.O. JOHN DOE)**

31. Mr. YORZINSKI incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. Defendant P.O. SOTO and Sgt. GRIFFO under color of state law, subjected Mr. YORZINSKI to the foregoing acts and omissions, thereby depriving Mr. YORZINSKI of his rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following

constitutional rights: (a) freedom from unreasonable seizure of his person, including the excessive use of force; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent; (d) freedom from abuse of process; and (e) the enjoyment of equal protection, privileges, and immunities under the laws.

33. Defendants' deprivation of Mr. YORZINSKI's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM FOR RELIEF
## DENIAL OF DUE PROCESS
## FIFTH AND FOURTEENTH AMENDMENTS THROUGH 42 U.S.C. § 1983

34. Plaintiff Mr. YORZINSKI incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. NYCPL § 140.20(7) states as follows:

> Upon arresting a person, other than a juvenile offender, for any offense without a warrant, a police officer **shall**, **upon the arrested person's request**, permit him or her to communicate by telephone provided by the law enforcement facility where the defendant is held to a phone number located in the United States or Puerto Rico, for the purposes of obtaining counsel and informing a relative or friend that he or she has been arrested, **unless granting the call will compromise an ongoing investigation or the prosecution of the defendant**.

NYCPL § 140.20(7) (emphasis added).

36. By placing substantive limitations on an officer's discretion pertaining to telephone calls, the State of New York has created a protected liberty interest in an arrestee's right to communicate with the outside world.

37. Nevertheless, the officer-defendants denied plaintiff access to a telephone despite his request. This denial was manifestly unjust given the mandatory language in the statute and given the foreseeability that the denial would result in the harms which the statute sought to prevent.

38. Here, no reasonable officer could have believed that allowing plaintiff to make a phone call upon request would "compromise an ongoing investigation or prosecution" of plaintiff.

39. Further, even if an officer actually did believe that allowing plaintiff to make a phone call would "compromise an ongoing investigation or prosecution," plaintiff was not given a pre-deprivation or post-deprivation hearing to contest that finding.

40. Moreover, to the extent there is an NYPD policy, practice or custom that only an arrestee's actual arresting officer can allow that arrestee to use the telephone, as asserted by the officer-defendants herein, that policy, practice or custom directly caused the officer-defendants to violate the plain terms of NYCPL § 140.20(7), thereby depriving plaintiff of her due process rights.

41. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his rights guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution.

### THIRD CLAIM
### *MONELL* CLAIM UNDER – 42 U.S.C. § 1983
### (Against Defendant CITY Only)

42. Mr. YORZINSKI incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the CITY which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and

cooperation and under the supervisory authority of the defendant CITY and its agency, the NYPD.

44. Defendant CITY and the NYPD, by their policy-making agents, servants and employees, authorized, sanctioned and/or ratified the individual defendants' wrongful acts and acts that were infected with discrimination; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

46. The aforementioned customs, practices, procedures and rules of the CITY and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   b. Discouraging police officers from reporting the corrupt or unlawful acts of other police officers;

   c. Retaliating against officers who report police misconduct; and

   d. Failing to intervene to prevent the above-mentioned practices when they reasonably could have been prevented by a supervisor or other agent or employee of the NYPD.

## JURY DEMAND

47. Plaintiff Mr. YORZINSKI demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, the plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

   a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

b. That the Court issue a declaratory judgment stating that NYCPL § 140.20(7) creates a liberty interest in an arrestee's access to a telephone while in custody;

c. That the Court issue a declaratory judgment stating that, to the extent the CITY has a policy, practice or custom of only permitting an arrestee to make a phone call if he or she is accompanied by his or her arresting officer, that such policy, practice or custom creates due process violations and violations of NYCPL § 140.20(7);

d. That he be awarded punitive damages against the individual defendants;

e. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

f. For such other further and different relief as to the Court may seem just and proper.

Dated:      New York, New York
            June 12, 2015

                                    Respectfully submitted,

                              By:   _____/s/_____
                                    Mark C. Taylor
                                    Rankin & Taylor, PLLC
                                    *Attorneys for the Plaintiff*
                                    11 Park Place, Suite 914
                                    New York, New York 10007
                                    t: 212-226-4507